IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON PAUL VANOVER,

    Plaintiff,                  No. CIV S-06-0237 FCD PAN P

    vs.

TASER INTERNATIONAL, INC.,

    Defendant.             <u>ORDER</u>

_____/

        Plaintiff is presently housed in the Sacramento County Jail and is proceeding pro se. Plaintiff appears to seek damages for personal injuries and for products liability and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. By order filed February 15, 2006, plaintiff was directed to provide the court with a certified copy of his trust account statement. Plaintiff has now provided the trust account statement. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds.

/////

1

Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

It appears from plaintiff's complaint that he seeks compensatory damages for personal injuries sustained when he was shot with a taser gun, in addition to seeking products liability damages based on his claim that the taser was defective. It appears plaintiff may be attempting to invoke this court's diversity jurisdiction, 28 U.S.C. § 1332. However, plaintiff's complaint does not adequately describe plaintiff's citizenship, defendant's citizenship or the amount in controversy such that this court may determine jurisdiction is proper here. Plaintiff has also failed to state the date on which the taser gun was used on plaintiff.

1 　　　　　Thus, the court finds the allegations in plaintiff's complaint so vague and
2 conclusory that it is unable to determine whether the current action is frivolous or fails to state a
3 claim for relief.  The court has determined that the complaint does not contain a short and plain
4 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
5 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
6 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
7 must allege with at least some degree of particularity overt acts which defendants engaged in that
8 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
9 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
10 an amended complaint.

11 　　　　　If plaintiff chooses to amend the complaint, plaintiff must set forth the
12 jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil
13 Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted
14 in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

15 　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in
16 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
17 amended complaint be complete in itself without reference to any prior pleading.  This is
18 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
19 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
20 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
21 original complaint, each claim and the involvement of each defendant must be sufficiently
22 alleged.

23 　　　　　In accordance with the above, IT IS HEREBY ORDERED that:
24 　　　　　1. Plaintiff's request for leave to proceed in forma pauperis is granted.
25 /////
26 /////

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Commander of the Sacramento County Jail filed concurrently herewith.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 17, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; vano0237.lta